JAMES M. WHITON & others *vs.* DANIEL D. BRODHEAD.

Any one of several defendants, in an action within the provisions of *St.* 1840, *c.* 87, § 5, may remove such action from the court of common pleas to this court, in the manner prescribed in the statute.

IN this case, the facts are stated in the opinion of the court

*A. H. Fiske* and *S. E. Sewall,* for the petitioners.

*B. F. Brooks,* for the respondent.

SHAW, C. J. This is a petition for a *mandamus,* and it presents a question of some importance. The petitioners, eight in number, set forth, that the respondent, Brodhead

Whiton & others *v*. Brodhead.

commenced a suit against them and five others, in the court of common pleas, claiming damages to the amount of $2000; that on the return of the writ, the original plaintiff discontinued against two, and entered his action against the other eleven ; that at the first term, the petitioners were desirous of removing the cause to this court, pursuant to the *St.* 1840, *c.* 87, § 3,* and filed a petition and affidavits for that purpose ; but that one of the original defendants refused to join in such application, and insisted on retaining the cause in the court of common pleas, in consequence of which objection that court declined allowing the same to be removed.

The court are of opinion, that when several persons are jointly sued in the court of common pleas, in a case otherwise within the provisions of the statute, any one or more may file an affidavit, and thereupon bring the case into this court. The intention of the statute was, in a case of the magnitude designated, to give both parties, plaintiff and defendant, a right to claim the original jurisdiction of this court.

A suit may be brought against several, either in covenant or contract, between whom there may be no common interest in fact, and amongst whom indeed there may be adverse or conflicting interests, in reference to the subject matter of the

---

* The following is the section referred to : —

" Sect. 3. In all actions which shall be pending in the court of common pleas, in which the damages demanded or the property claimed shall exceed in amount or value the sum of six hundred dollars if in the county of Suffolk, or three hundred dollars if in any other county, the defendant, if he or any person in his behalf shall, at the first term of the court, unless the defendant be out of the commonwealth, and then at the term when such defendant is holden by law to make his appearance, make oath or affirmation, before the clerk or any justice of the peace, that he verily believes he has a substantial defence, and intends to bring the cause to trial, may apply to have such action removed to the supreme judicial court, and upon such application the court of common pleas shall proceed no further in the cause; but the same shall be removed to, and be heard and determined by the supreme judicial court; and the party so applying shall enter the said action therein at the next term thereof for the same county; and if he shall not enter the same on the first day of the term, the other party may enter the same, and the clerk shall remove the original papers from the court of common pleas, and file the same in the supreme judicial court."

suit.　The words are, that in all actions, &c., the defendant, if he or any person in his behalf shall make oath, &c., may apply to have such action removed to the supreme judicial court, and, upon such application, the court of common pleas shall proceed no further, &c.

The case is within the words of the statute, and we think that full justice cannot be done to defendants without allowing them this right.　Persons are made defendants with others, without any option of their own ; and each is entitled to make his defence in such way, and before that tribunal to which he prefers to submit his rights, and which is open to him by law.　The terms " any defendants " are large enough to give one of several this election.　Suppose several defendants are sued who are clearly liable, and another is joined on a claim that he is a dormant partner.　The former may choose to be defaulted, or may make a feigned or feeble defence, or one resting on grounds which are opposed to the rights and claims of the alleged dormant partner.　We think that if the latter has a substantial defence, and means to avail himself of it, he has an election to make it in this court, and to have the cause removed.

*Ordered that an alternative writ of mandamus issue.*